UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60083-CIV-COHN/WHITE
(CASE NO. 10-60290-CR-COHN)

ANTHONY MELLONE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION TO REOPEN CASE

**THIS CAUSE** is before the Court upon Movant Anthony Mellone's *pro se* Motion to Re-Open Hearing, Ineffective Counsel, and Issue Writ and Expedite [DE 31] ("Motion to Reopen"). The Court has carefully reviewed the Motion to Reopen and the record in this case and is otherwise fully advised in the premises.

On October 17, 2012, Mellone, represented by appointed counsel, filed a motion to voluntarily dismiss this § 2255 action with prejudice. See DE 26 ("Dismissal Motion"). The Dismissal Motion stated that after consulting with his counsel on various options, Mellone had concluded that it was in his best interest to allow his criminal sentence to remain in effect. See id. at 1, ¶ 1. Further, the Dismissal Motion confirmed Mellone's understanding that the requested dismissal would prevent him from litigating his § 2255 claims now or in the future. See id. at 1, ¶ 2. Attached to the Dismissal Motion was a signed statement from Mellone, dated October 16, 2012, acknowledging that he had reviewed the Dismissal Motion with counsel and had "freely and voluntarily decide[d] to dismiss this Section 2255 proceeding." DE 26-2.

In view of Mellone's Dismissal Motion, Magistrate Judge Patrick A. White cancelled a previously scheduled evidentiary hearing and allowed Mellone to be transferred back to his regular place of confinement. See DE 27 (Order of Oct. 18, 2012). The same day, Magistrate Judge White issued a Report recommending that the Court grant the Dismissal Motion and close the case. See DE 28. On October 19, 2012, the Court adopted Judge White's recommendations. See DE 29. The Court specifically noted the representations that Mellone and his counsel had made in support of their request for voluntary dismissal. See id. at 1. Based on that information, the Court granted Mellone's Dismissal Motion, dismissed this action with prejudice, and closed the case. See id. at 2.

Nearly four months later, Mellone filed his Motion to Reopen. See DE 31.[1] Mellone claims that after he had agreed to dismiss this action with prejudice, he "changed [his] mind" and unsuccessfully tried to communicate that fact to counsel one day before the Dismissal Motion was filed and several times thereafter. Id. at 1-2. On this basis, Mellone moves the Court to reopen the case and to hold the previously cancelled evidentiary hearing. See id.

The Court construes Mellone's Motion to Reopen as seeking relief, pursuant to Federal Rule of Civil Procedure 60(b), from the order granting the Dismissal Motion and dismissing the case with prejudice. Having considered the Motion to Reopen, as well as the record concerning Mellone's voluntary dismissal of this action, the Court finds that Mellone has not presented valid grounds for reopening this case under Rule 60(b). See Schwartz v. United States, 976 F.2d 213, 218-19 (4th Cir. 1992) (affirming denial of

---

[1] Although the Clerk of Court received the Motion to Reopen on April 2, 2013, Mellone apparently delivered it to prison officials for mailing on February 14, 2013.

Rule 60(b) relief from settlement of forfeiture claim because decision to settle was a "calculated, free, and deliberate" choice); Allinsmith v. Funke, 421 F.2d 1350, 1351 (6th Cir. 1970) (per curiam) (holding that parties who had voluntarily executed consent decree but "after the fact . . . decided to change their minds" were not entitled to Rule 60(b) relief from decree); In re Nazi Era Cases Against German Defs. Litig., 236 F.R.D. 231, 237 (D.N.J. 2006) (denying Rule 60(b) motion for relief from voluntary dismissal and emphasizing that "'free, calculated, deliberate choices are not to be relieved from'" (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950))), aff'd, 240 F. App'x 980 (3d Cir. 2007); see also Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 274 (3d Cir. 2002) (noting, in context of Rule 60(b) analysis, that "courts have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions" (internal quotation marks omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that Movant Anthony Mellone's Motion to Re-Open Hearing, Ineffective Counsel, and Issue Writ and Expedite [DE 31] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of April, 2013.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record

Anthony Mellone
94597-004
FCI – Herlong
Federal Correctional Institution
P.O. Box 800
Herlong, CA  96113